## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMO TRANS, INC. and EM-LINES LTD., | Case No. 21-CV-1327 |
| Plaintiffs, | CIVIL ACTION |
| -against- | |
| M/V AMALTHEA, M/V MSC KALINA, their boilers, engines, etc.; and MSC MEDITERRANEAN SHIPPING COMPANY S.A., | COMPLAINT |
| Defendants. | |

Plaintiffs, EMO TRANS, INC. and EM-LINES LTD. (hereinafter "Plaintiffs"), by their undersigned attorneys, as and for their Complaint against Defendants M/V AMALTHEA, M/V MSC KALINA, their boilers, engines, etc.; and MSC MEDITERRANEAN SHIPPING COMPANY S.A., allege, upon information and belief as follows:

### THE PARTIES

1. At all times material hereto, Plaintiff EMO TRANS, INC. was and is a domestic corporation with its principal place of business at 377 Oak Street, Suite 202, Garden City, New York 11530.

2. At all times material hereto, Plaintiff EM-LINES LTD. was and is a foreign corporation with an office at 20 South Woods Parkway, Atlanta, Georgia 30354 and was the consignee of the shipment which is the subject of this suit.

3. Defendants M/V AMALTHEA, M/V MSC KALINA (hereinafter the "Vessels") and MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC") are corporations or other entities organized and existing under and by virtue of the laws of a foreign

1

country, with a principal office in the United States at 420 5th Avenue, 8th Floor, New York, NY 10018-2702 .

## JURISDICTION AND VENUE

4. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty, maritime and/or supplemental jurisdiction of the United States and of this Court.

5. At all material times hereto, the defendant Vessels and MSC were and now are engaged in business as common carriers of merchandise by water for hire. These defendants either owned, chartered, managed, constituted or otherwise controlled the Vessels as general Vessels engaged in the common carriage of merchandise by water for hire between, among others, ports in the United States and foreign countries.

6. The contracted carriage governing the shipment which is the subject of this suit as set forth in Bill of Lading No. MEDUV1160005 issued by Defendant MSC was to the United States of America, to wit: Los Angeles, California, and, accordingly, venue is properly laid in the Southern District of New York based upon the choice of law and choice of venue provisions contained in the Terms and Conditions set forth therein.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about December 19, 2019, at Haiphong, Vietnam, there was shipped and delivered to defendant Vessels and MSC a shipment of 201 pallets of internet modems (hereinafter the "Shipment"), then being in good order and condition, and said defendants then and there accepted the Shipment so shipped and delivered to them. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, they further agreed to transport and carry said

shipment to Los Angeles, California, the United States of America, and there deliver the Shipment in like good order and condition to Plaintiffs and/ or their designee.

8. The Shipment was transported in five standard 5-foot by 40-foot dry ocean shipping containers, numbered: MEDU7892637, TEMU6880090, TCLU9525169, TCNU3291899, and MSDU7161434, owned, leased, operated, maintained, supplied and/or otherwise provided by one or more of the Defendants.

9. The carriage of the Shipment was in accordance with the terms and conditions of certain bills of lading, including a certain MSC bill of lading numbered MEDUV1160005, dated December 19, 2019, and/or other documents also constituting the contract of carriage for the Shipment, to the extent that the bill of lading and those other documents are not in contravention of any federal law governing the transportation of the Shipment and the duties of a carrier thereunder.

10. Thereafter the defendant Vessels arrived at the port of destination where it and Defendants made delivery of the subject Shipment to Plaintiffs and/or their designee, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously damaged, injured and impaired in value, all in violation of Defendants' and the Vessels' obligations and duties as common carriers of merchandise by water for hire.

11. Plaintiffs bring this action on their own behalf and on behalf of and for the interest of all parties interested in and who have been damaged as a result of the damage suffered by the Shipment, as their respective interests may ultimately appear, and Plaintiffs are duly entitled to maintain this action.

12. Plaintiffs have performed all conditions on its part to be performed.

## FIRST CAUSE OF ACTION AGAINST THE VESSEL AND MSC

### (Breach of Contract and of Duties under COGSA and the Harter Act)

13. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through and including Paragraph "12" of this Complaint as if more fully set forth herein at length.

14. By reason of the foregoing, the Vessels and MSC were common carriers of merchandise by water for hire within the meaning of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300, et. seq., and of the Harter Act, 46 U.S.C. §§ 190-196, and breached their duties as carriers under those Acts and under the MSC bill of lading which formed the contract of carriage entered into by each of them pursuant to those Acts.

15. By reason of the foregoing, each of the Defendants have caused damage to Plaintiffs in an amount, as nearly as can now be estimated and determined, of $1,041,625.20.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Negligence and Breach of Bailment Obligations)

16. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through and including Paragraph "15" of this Complaint as if more fully set forth herein at length.

17. Each of the Defendants in this action were acting as bailees of the Shipment at the times it was damaged.

18. Each of those Defendants, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to Plaintiff to safely keep, stow, care for and deliver the Shipment in the same good order and condition as when entrusted to them and to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner, including but not limited to the provision of a shipping

container fit for the cargo being loaded and suitable to withstand the normal and expected elements of ocean transport.

19. Each of those Defendants breached their bailment obligations and legal duties and, by reason thereof, negligently failed to deliver the Shipment to Plaintiffs in as good condition as when entrusted to them.

20. By reason of the foregoing, each of the Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated and determined, of $1,041,625.20

WHEREFORE, Plaintiffs demand Judgment, jointly and severally, against Defendants, and prays for relief as follows:

(1) On the First Cause of Action in the sum of ONE MILLION FOURTY-ONE THOUSAND SIX HUNDRED TWENTY-FIVE UNITED STATES DOLLARS AND 20/100 CENTS ($1,041,625.20);

(2) On the Second Cause of Action in the sum of ONE MILLION FOURTY-ONE THOUSAND SIX HUNDRED TWENTY-FIVE UNITED STATES DOLLARS AND 20/100 CENTS ($1,041,625.20);

(3) That if Defendants cannot be found within this District, then all their property within this District be attached in the sum of ONE MILLION FOURTY-ONE THOUSAND SIX HUNDRED TWENTY-FIVE UNITED STATES DOLLARS AND 20/100 CENTS ($1,041,625.20);

(4) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims may issue against the Vessels M/V AMALTHEA and M/V MSC KALINA, their boilers, engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court

pronounce judgment in favor of Plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said Vessels may be condemned and sold to pay therefore;

  (5) Together with interest, costs, disbursements and such other and further relief as this Court deems just, proper and equitable.

Dated: February 15, 2021
   New York, New York

         KMA ZUCKERT LLC


         */s/ Nicholas E. Pantelopoulos*
      By: _____
         Nicholas E. Pantelopoulos (NP-4969)
         Jennifer Huang (JH-4532)
         1350 Broadway, Suite 2410
         New York, New York 10018
         (212) 922-0450
         nep@kmazuckert.com
         jhuang@kmazuckert.com